**In re the MARRIAGE OF Mary Louise AHRENS, Appellee,**

**and**

**Brian Jeffrey Ahrens, Appellant.**

**No. 92CA0145.**

Colorado Court of Appeals, Div. V.

Jan. 14, 1993.

Bader & Villanueva, P.C., Jeffrey M. Villanueva, Kathryn K. Brantmeyer, Denver, for appellee.

Jordon T. Sanger, Littleton, for appellant.

Opinion by Judge JONES.

In this post-dissolution of marriage proceeding, Brian Jeffrey Ahrens (father) appeals the order that he pay a proportionate share of psychological counseling expenses for his child. We vacate the order and remand for further proceedings.

The marriage of the father and Mary Louise Ahrens (mother) was dissolved in 1980. The mother received sole custody of their infant child while the father was ordered to pay $150 per month child support and to provide medical insurance for the child.

In 1991, following what both parties agree was initially an emergency situation, the mother obtained psychological counseling for the child, who was diagnosed as having a mental disorder. Although the insurance provided by the father covered counseling, it did not cover counseling by the psychologist chosen by the mother, because he was neither part of, nor referred by, the father's insurance organization.

There is no evidence that the long-term psychological counseling was of an emergency nature.

The mother moved for an increase in the father's child support obligation, including his share of the counseling expenses. The parties agreed that the child needed counseling, but the father asserted that he should not have to pay for it because his available insurance was not being used. The trial court ordered father to pay his proportionate share for the treatment, reasoning that it constituted an extraordinary medical expense.

The father contends that, as a matter of law, the trial court erred in ordering him to pay for treatment by a provider not covered by his insurance. We agree.

Section 14–10–115(12)(a), C.R.S. (1987 Repl.Vol. 6B) provides that extraordinary medical expenses incurred on behalf of a child shall be added to the basic child support obligation and shared by the parents in proportion to their adjusted gross incomes. Extraordinary medical expenses are defined as *uninsured expenses* in excess of one hundred dollars for a single illness or condition, including "such reasonable costs as are reasonably necessary" for any uninsured chronic health problem and other treatments. In addition "[a]t the discretion of the court, professional counseling or psychiatric therapy for diagnosed mental disorders may also be considered as extraordinary medical expense." Section 14–10–115(12)(b), C.R.S. (1987 Repl.Vol. 6B).

The plain language of § 14–10–115(12)(b) indicates that extraordinary medical expenses "are uninsured expenses." Hence, any consideration of what may constitute extraordinary medical expenses must begin with a determination of whether the expenses in question are uninsured. If the expenses are covered by insurance, they cannot, as a matter of law, be considered extraordinary medical expenses pursuant to the plain language of the statute.

The trial court's order does not include a requisite initial determination of whether the child's psychological counseling was, in fact, an uninsured, extraordinary medical expense as defined under § 14–10–115(12)(b). The record, however, contains undisputed evidence that psychological counseling services are insured expenses under husband's medical insurance plan covering the child.

Thus, absent findings of fact to the contrary, as a preliminary matter of law, the child's psychological counseling services are not uninsured, extraordinary medical expenses pursuant to § 14–10–115(12)(b). *See Andrews v. Andrews*, 531 N.E.2d 219 (Ind.App.1988).

The remaining question is whether circumstances exist that cause the psychological counseling expenses to be removed from the ambit of the provisions of § 14–10–115(12)(b), such that these services are not or could not be covered by husband's medical insurance, thereby resulting in the expenses being "extraordinary" pursuant to the statute.

The trial court found that the child's initial psychological treatment was prompted by what "appeared" to be an emergency and that obtaining treatment through father's insurance could have caused delay. The record, however, reveals that that finding is both inadequate and unsupported by the evidence.

Initially, we note that no evidence was presented that the plan of medical insurance here provided by the father failed to meet the requirements for medical insurance ordered by the court at the time of entry of the decree of dissolution. The record does not reflect any evidence regarding inadequacy of treatment through the father's provider other than subjective and non-expert testimony elicited from the mother concerning her own past treatment through father's provider several years earlier. In addition, the record reflects no evidence that the mother attempted to utilize available emergency or ongoing psychological treatment through the father's carrier or that, having sought such treatment, it was found wanting. Hence, there was no evidence upon which the trial court could have based a finding, had it made one, as to whether treatment might have been adequately or reasonably provided un-

der husband's medical insurance plan, even on an emergency basis.

Because, pursuant to § 14–10–115(12)(b), extraordinary medical expenses shall include reasonable costs which are reasonably necessary for medical and mental disorders, it is necessary that the trial court make specific findings regarding whether psychological services were incurred which were not covered adequately or reasonably by husband's medical insurance.

Here, the trial court found that the child's psychological treatment was reasonably incurred, but the court made no finding as to whether the services were adequately or reasonably covered under husband's insurance. Without such findings, we are unable to determine whether the psychological counseling expenses were *uninsured* expenses for purposes of their inclusion as extraordinary medical expenses under the provisions of § 14–10–115(12)(b).

Accordingly, the order of the trial court is vacated, and the cause is remanded for further findings.

HUME and MARQUEZ, JJ., concur.