**Gerhard WIEGAND, Petitioner–Appellant,**

v.

**COUNTY COURT MAGISTRATE IN AND FOR the COUNTY OF LARIMER, Janet L. Rodriguez, Honorable County Court Magistrate, Honorable Ronald L. Schultz, Judge and Honorable John E. Kochenburger, Judge, Respondents–Appellees.**

No. 96CA0241.

Colorado Court of Appeals,
Div. IV.

Oct. 24, 1996.

Rehearing Denied Dec. 5, 1996.

Certiorari Denied May 27, 1997.

David F. Vela, Colorado State Public Defender, Andrew A. Saliman, Deputy State Public Defender, Denver, for Petitioner–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Maurice G. Knaizer, Assistant Attorney General, Denver, for Respondents–Appellees.

Opinion by Judge NEY.

In this C.R.C.P. 106(a)(2) mandamus action, petitioner, Gerhard Wiegand, appeals from the district court judgment rejecting his challenge to the validity of an internal policy that prohibited a county court magistrate in the underlying criminal proceedings before the Larimer County Court from considering his motion for bond reduction. As did the district court, we conclude that the county court magistrate's authority over such matters was validly restricted in this proceeding and therefore, we affirm.

The record reveals that on August 27, 1995, petitioner was arrested and jailed on certain misdemeanor and petty offense charges. On August 28, 1995, these charges were filed in the Larimer County Court, and the court set bond at $500 cash, property, or surety. Petitioner remained in custody, apparently unable to post such bond.

On September 18, 1995, petitioner, still in custody, appeared with court-appointed counsel before a county court magistrate for further proceedings on these charges. At that time, petitioner waived his right to have his case heard by a county court judge and a date was set for a trial before the magistrate. Petitioner also requested that the magistrate conduct a hearing on his previously filed motion for bond reduction in which petitioner sought either a personal recognizance bond or a reduction in the amount of the bond.

The magistrate refused to consider the bond reduction motion, stating that she, as a magistrate, had been instructed and directed in writing by the county court judges not to change or alter any bonds. This prohibition, entitled "Modifying orders of County Court Judges," was contained in a memorandum dated June 1, 1995 and was signed by Larimer County Court judges Ronald L. Schultz and John E. Kochenburger. Noting that magistrates work "under the supervision and control" of the county court judges, the memorandum provides, in pertinent part, that:

> Orders, warrants, bond conditions, mittimuses, and other directions issued by the various judges of this district cannot be vacated, modified or overruled by a Magistrate without the prior consent of Judge Schultz or Judge Kochenburger.

Petitioner thereafter filed this C.R.C.P. 106(a)(2) mandamus action in the district court, seeking an order compelling the magistrate to conduct a bond reduction hearing in the underlying county court criminal proceedings. Petitioner thereby sought to invalidate the Larimer County Court memorandum prohibiting such action by the magistrate, asserting that it was inconsistent with statutory authority empowering county court magistrates to perform such duties.

The district court rejected petitioner's arguments and denied the relief sought. Although the district court agreed with peti-

tioner that county court magistrates are authorized by statute and by rule to perform many duties, including conducting bond modification hearings, it did not find such authority to be persuasive. Rather, the district court ruled that the authority of such magistrates, as judicial officers serving under the direction and control of their appointing authorities, is also subject to any limitations that such appointing authorities, in their discretion, may choose to impose on the scope and extent of the duties the magistrates may perform.

Thus, while not addressing "the wisdom and appropriateness" of the Larimer County Court memorandum, the district court ruled that the limitations expressed in that memorandum as to the magistrates' authority to conduct bond modification hearings are "consistent with Colorado law" regarding the power of the appointing authority "to regulate the assignments given" to the magistrate. Finally, noting that petitioner was statutorily entitled to a prompt bond reconsideration hearing, the district court ruled that since an administrative decision has been made that the county court magistrate should not hold such hearings, the county court judges must promptly provide such a hearing in the magistrate's stead. This appeal followed.

Contrary to petitioner's arguments, we perceive no error in the district court's ruling. Rather, notwithstanding the authority otherwise granted to county court magistrates by statute and by rule, we agree with the district court that petitioner has failed to establish any impropriety in the provisions of the memorandum at issue. Thus, we affirm the district court's judgment on the basis that the assignments given to such magistrates may validly be restricted by their appointing authorities.

Section 13–6–501(6), C.R.S. (1996 Cum. Supp.) provides, in pertinent part, that county court magistrates, when handling county court matters in which the parties have waived their right to proceed before a county judge, "shall have all the jurisdiction and power of a county judge, and their orders and judgments shall be those of the county court."

Further, pursuant to C.R.M. 7(b), upon obtaining the consent of the parties in county court criminal proceedings, county court magistrates "shall have authority to perform" certain specified functions, including conducting hearings on motions in misdemeanor and petty offense matters and conducting advisements and setting bail in criminal and traffic cases. *See also* § 13–6–501(4)(b), C.R.S. (1996 Cum.Supp.).

However, as noted by the district court, notwithstanding the fact that county court magistrates *may* be assigned to perform certain judicial functions (such as conducting bond modification hearings) and have been granted full authority to act regarding such matters when so assigned, there is no requirement that county court magistrates be made to perform the full range of duties otherwise authorized by law.

Rather, we note in this regard that C.R.M. 1 provides that:

> These rules are designed to govern the selection, *assignment*, and conduct of magistrates in civil and criminal proceedings in the Colorado court system. Although magistrates *may* perform functions which judges also perform, a magistrate *at all times* is *subject to* the direction and supervision of the chief judge or presiding judge by whom the magistrate has been appointed. (emphasis added)

*See also* §§ 13–6–217 & 13–6–301, C.R.S. (1987 Repl.Vol. 6A) (authorizing county courts to sit *en banc* when making rules concerning the conduct of their business and the appointment of employees).

We agree with the district court that under these provisions, the use of magistrates for the conduct of county court business is at the discretion of their appointing authorities who may properly set limits on the type and extent of the matters which may be assigned. And, when such limitations have been placed on the assignments given to such magistrates, the authority of such magistrates, as subordinate judicial officers, is also subject to such limitations regardless of whether the defendant has consented to have his or her case heard by a

magistrate. *See* C.R.M. 1; *see also* §§ 13–6–217 & 13–6–301.

■ We perceive no impropriety in the provisions of the Larimer County Court memorandum prohibiting the magistrate from conducting a bond reduction hearing. Rather, we conclude that the magistrate's authority to conduct such a hearing was validly restricted by this memorandum, which reflects a permissible administrative decision to limit the matters to be assigned to the magistrate in that court. *See* C.R.M. 1; *see also* §§ 13–6–217 & 13–6–301.

Finally, we note that, although petitioner was not therefore entitled to have his motion for bond reduction determined by the magistrate in the underlying criminal proceedings, he was still entitled to a determination of that motion by the court before which it was pending, *i.e.,* the Larimer County Court. *See* § 16–4–107, C.R.S. (1986 Repl.Vol. 8A).

Accordingly, the district court judgment denying the relief sought by petitioner under C.R.C.P. 106(a)(2) is affirmed.

DAVIDSON and CASEBOLT, JJ., concur.