**In re the MARRIAGE OF Drena D. MARSON, Appellee,**

**and**

**Steven M. Marson, Appellant.**

No. 96CA0142.

Colorado Court of Appeals, Div. V.

Nov. 29, 1996.

No Appearance for Appellee.

Steven M. Marson, Pro Se.

Opinion by Judge TAUBMAN.

In this post-dissolution of marriage proceeding, Steven M. Marson (father) appeals the district court's order increasing the child support payable to Drena D. Marson (mother) and awarding her attorney fees. We affirm in part, vacate in part, and remand with directions.

The parties' marriage of fourteen years was dissolved in 1985, and mother was awarded custody of their daughter. Father was awarded parenting time and was ordered to pay child support in the amount of $265 per month and to maintain health insurance for the child. Pursuant to a court-approved stipulation between the parties, child support was modified in 1990 to $362 per month, and the parties agreed to share equally any reasonable and necessary expenses for their daughter's medical, dental, or vision care not covered by insurance.

Mother filed a motion to modify child support in 1994. Father, who lived in California and was acting *pro se,* did not attend the hearing held before a magistrate. Prior to the hearing, father filed various letters and documents with the court, and requested that his "evidence package" be reviewed during one-half of the two-hour hearing.

Noting that father had failed to appear at the hearing, the magistrate found him in "default." Mother's motion to modify child support was granted, and child support was increased to $497 per month. This change was based in part on a reduction of the number of father's parenting time from 75 to 60 overnights. Furthermore, father was ordered to pay a $675 arrearage on child support, and to continue to share equally in the payment of the daughter's uninsured medical, dental, and orthodontia expenses. Father was ordered to pay $881 for his one-half share of the past-due orthodontia expenses, all of the past-due medical expenses in the amount of $812, $2,625 to reimburse mother for father's attorney fees stemming from the permanent orders, and $500 for part of the attorney fees mother incurred in bringing the motion to modify child support.

Upon father's motion to review the magistrate's order, the district court affirmed the modification of child support and the $500 award of attorney fees, but reversed the $2,625 award of attorney fees.

As a threshold matter, we note that father has attached to his brief certain documents, including a financial affairs affidavit, which do not appear in the record on appeal. These documents will not be considered. *See In re Marriage of Murray,* 790 P.2d 868 (Colo.App.1989). Furthermore, father requests relief pursuant to C.R.C.P. 60 for various discovery errors, fraud, and misrepresentation. However, because a C.R.C.P. 60 motion was not filed, these issues cannot become the subject of this appeal. *See In re Estate of Stevenson v. Hollywood Bar & Cafe, Inc.,* 832 P.2d 718 (Colo.1992) (arguments not presented to, considered, or ruled upon by the trial court may not be raised for the first time on appeal).

## I. Child Support

Father contends that the district court made various errors in reviewing the magistrate's modification of child support. We agree with some, but not all, of these contentions.

### A.

First, father contends that the $881 he was ordered to pay for orthodontia expenses was unsubstantiated, and that the amount of medical expenses was erroneous because, under the court-approved stipulation, the amount should have been shared equally by the parties. We conclude that the issue of these expenses must be reconsidered upon remand to the district court.

Section 14–10–115(13.5)(h)(I), C.R.S. (1996 Cum.Supp.) provides that extraordinary medical expenses incurred on behalf of a child must be added to the basic child support obligation and shared by the parents in proportion to their adjusted gross incomes. Extraordinary medical expenses under § 14–10–115(13.5)(h)(II), C.R.S. (1996 Cum.Supp.) are uninsured expenses in excess of $100 for

a single illness or condition incurred for, *inter alia,* reasonably necessary orthodontia, dental treatment, and any uninsured *chronic* health problem. *In re Marriage of Ahrens,* 847 P.2d 257 (Colo.App.1993).

■ The inclusion of extraordinary medical expenses in the child support calculation contemplates ongoing, recurring expenses for chronic medical problems, thereby rendering it appropriate to increase, on a relatively permanent basis, the overall support obligation. *See In re Marriage of Nielsen,* 794 P.2d 1097 (Colo.App.1990) (extraordinary medical expenses were required to be divided pursuant to statute even though the parties had previously agreed for each to pay one-half of the expenses). Conversely, if the uninsured medical expenses do not exceed $100 for a single illness or condition, the custodial parent is to bear those costs. *In re Marriage of Finer,* 920 P.2d 325 (Colo.App. 1996).

Neither the magistrate nor the district court had the benefit of *Finer* when reviewing the motion to modify child support. Thus, on remand, the district court should determine whether the child's uninsured medical expenses are extraordinary within the meaning of the statute. If so, the child support payment should be revised accordingly. If not, father should not be ordered to make any contribution toward payment of those costs. *See In re Marriage of Finer, supra.* However, any expenses incurred prior to the filing of mother's motion to modify should be determined in accordance with the provisions of the court-approved stipulation, while expenses incurred after the filing of the motion should be determined in accordance with *Finer. See* § 14–10–122(1)(d), C.R.S. (1996 Cum.Supp.).

### B.

■ Next, father contends that wife's gross income was erroneously determined because income from two part-time jobs and income from her private speech pathology practice was not included. We disagree.

In calculating child support, the magistrate used the $4,347 mother earned monthly from her "primary" source of income as a public school teacher. At the hearing, wife testified as to her income from her primary job and two part-time jobs, and no evidence was presented as to her private practice. While the magistrate recognized that mother's total gross monthly income from her primary job and two part-time jobs totalled $4,955, he expressed some uncertainty as to whether the income from extra part-time employment should be included on the child support worksheet.

■ Under Colo. Sess. Laws 1992, ch. 39, § 14–10–115(7)(a)(I) at 190, in effect at the time of the hearing, "gross income" for purposes of calculating child support included income from any source, including income from wages and salaries. Overtime pay was included in gross income only if overtime was required by the employer as a condition of employment. *In re Marriage of Campbell,* 905 P.2d 19 (Colo.App.1995).

Here, in excluding mother's extra income from part-time employment, the magistrate equated that amount with voluntary overtime pay. While we conclude that the result is correct, the analysis is not.

There is no definition of "overtime" in the Uniform Dissolution of Marriage Act. However, because there are references in the Act to both income from overtime and income from "extra" employment, we conclude that the two terms are not interchangeable.

Another subsection of the child support guidelines, which was in effect at the time of the hearing, sets forth various factors to be considered by a trial court when deviating from the child support guidelines. Among those enumerated factors are overtime pay and income from employment that is in addition to a full-time job. *See* Colo. Sess. Laws 1992, ch. 39, § 14–10–115(3)(a) at 188–189; *cf.* § 14–10–115(3)(a), C.R.S. (1996 Cum. Supp.) (now amended, effective with respect to orders entered on or after July 1, 1996, to provide that income that results in the employment of the obligor more than 40 hours per week or more than what would otherwise be considered to be full-time employment are now reasons for deviation). Thus, we conclude that the term "overtime," as used in

§ 14–10–115(7)(a)(I), does not include income from "extra" jobs.

We note that this conclusion comports with the most recent amendments to this section. *See* § 14–10–115(7)(a)(I)(C), C.R.S. (1996 Cum.Supp.) (effective July 1, 1996, "gross income" does not include income from additional jobs that result in the employment of the obligor more than 40 hours per week or more than what would otherwise be considered to be full-time employment).

Furthermore, the factors supporting deviation exclude factors that are already taken into consideration in the worksheet used to establish the guidelines amount. *In re Marriage of Andersen*, 895 P.2d 1161 (Colo.App. 1995). Therefore, because income from "extra" jobs is included as a reason for deviation from the guidelines, it cannot also be included as a factor in establishing the guideline amount. For this reason, the magistrate correctly concluded that income from mother's two extra part-time jobs should not be included in the determination of her gross income used to calculate child support. Furthermore, since father did not request a deviation from the guideline amount, the magistrate was not bound to consider mother's additional income as a factor supporting deviation.

### C.

█ Father's final contention as to child support is that the determination of his overnights with his daughter is erroneous. We conclude that the matter must be remanded to the district court for reconsideration.

█ The amount of parenting time granted to a parent relates to custody, and issues relating to custody and child support are separate. *See County of Clearwater v. Petrash*, 198 Colo. 231, 598 P.2d 138 (1979).

Here, mother's motion for modification was for child support, not the amount of parenting time afforded father. Father's parenting time had been established in earlier litigation between the parties, and was not an issue in this hearing. There was no request to modify parenting time, no notice to father, and no evidence or findings to support a modification. Thus, the magistrate's unilateral change in the amount of parenting time was error.

On remand, the district court is instructed to recalculate child support using 75 overnights, the number granted to father in the 1990 court-approved stipulation.

Because of this disposition we need not consider other issues raised by father.

### II.  Attorney Fees

In the notice of appeal, father listed the $500 attorney fee award as an issue on appeal, but failed to argue that issue in the brief. Thus, we conclude that the issue was abandoned and we decline to consider it. *See W.C. in Interest of A.M.K.*, 907 P.2d 719 (Colo.App.1995).

While father did present the $2,625 attorney fee award in the brief as an "illustration" of the format of his brief, we note that this award of attorney fees was reversed by the district court in father's favor. Thus, there is nothing to review in regard to this award.

### III.  Default

Father's last contention is that it was error to find him in "default." The error, if any, is harmless, and therefore will be disregarded.

The only reference to a default is in the magistrate's order, where he stated that: "Having failed to appear, [father] is found to be in default." The magistrate did not use the term as contemplated by C.R.C.P. 55, and therefore, as a practical matter it had no effect on the proceedings. *See In re Marriage of Sorensen*, 679 P.2d 612 (Colo.App. 1984).

The order of the district court is vacated as to the orthodontia and medical expenses, the $675 child support arrearage, and the number of overnights. On remand, child support and the arrearage, if any, shall be recalculated in accordance with this opinion. The order is affirmed in all other respects.

MARQUEZ and RULAND, JJ., concur.