**In re the Parental Responsibilities of M.B.–M., a Child, and Rebecca Johanna McBlair, Appellee,**

**and**

**Concerning Marie Yvette Berndt, Appellant.**

**No. 09CA2447.**

Colorado Court of Appeals, Div. V.

Jan. 20, 2011.

Barbara L. Naas, LLC, Barbara L. Naas, Fort Collins, Colorado, for Appellee.

G. William Beardslee, Fort Collins, Colorado, for Appellant.

Opinion by Judge TERRY.

Can a district court magistrate sua sponte reconsider his or her written and signed order for contempt and sanctions, other than to correct clerical errors? Based on our review of the Colorado Rules for Magistrates, combined with the applicable Colorado Rules of Civil Procedure, we conclude the answer is no.

Marie Yvette Berndt appeals from two district court orders. Those orders adopted a magistrate's order that reversed the magistrate's previous finding of contempt and award of attorney fees against Rebecca Johanna McBlair. We reverse the district court's orders and remand for further proceedings.

## I. Background

After disagreements arose between Berndt and McBlair with regard to M. B.–M., a minor child whom they had jointly adopted, Berndt filed a petition for allocation of parental responsibilities, parenting time, and child support.

As part of temporary orders, the magistrate ordered joint decision-making and parenting time. The magistrate also required that the parties keep the child with his established daycare provider, and ordered that neither party "shall ... unilaterally enroll the child in any other [daycare] or preschool programs without agreement."

Berndt later filed a motion for contempt against McBlair, alleging that McBlair had violated temporary orders by unilaterally enrolling the child with a new daycare provider and without listing Berndt as a parent or emergency contact person.

The magistrate held a hearing on the contempt motion in May 2009. At the end of the hearing, the magistrate made the following oral ruling: McBlair was in contempt; she could purge the contempt by giving the daycare provider a new admission form; and within sixty days she was to pay Berndt $1,500 to compensate for the latter's attorney fees. The oral ruling was never reduced to writing.

Two months later, the magistrate held a sentencing hearing. After the hearing, the magistrate issued a signed minute order, dated July 7, 2009, stating:

> Court finds that contempt has been purged and court awards [attorney] fees to [Berndt] in the amount of $1500; judgment shall enter against [McBlair and] in favor of [Berndt] in the amount of $1500.

On July 13, 2009, six days after issuing the minute order, the magistrate issued a new written order, which she signed. The new order made what the magistrate referred to as "additional, different findings." Based on the new findings, the magistrate ruled that Berndt had not met her burden to establish McBlair had violated a valid court order, and that McBlair had not been in contempt. The new order also vacated the attorney fees award.

Berndt filed a petition for review of the July 13 order, and sought to have the May oral contempt order and the July 7 minute order reinstated. In the first of two district court orders before us on appeal, the district court denied the petition for review, concluding that the July 13 order was "the only final order for those proceedings" before the magistrate. Berndt moved for reconsideration of the district court's order. In the second order before us on appeal, the district court denied the motion for reconsideration. The court acknowledged that it had previously overlooked the fact that the July 7 minute order was dated and signed by the magistrate. It nevertheless concluded:

> [The minute] order [awarding] attorney fees [could] not stand alone [and was] dependent upon the [earlier oral] finding and order for contempt and inextricably connected to it. The magistrate in her order of July 13, 2009, did not find [McBlair] in contempt and specifically vacated the $1,500.00 in attorney's fees and ordered each party to pay [her] own fees. Until the order of July 13, 2009, was entered the issue before the court was not fully resolved. Based on that order no attorney's fees are due either party.

Berndt now appeals the two district court orders.

## II. Discussion

We agree with Berndt's contention that the district court erred in adopting the magistrate's July 13 order. This error resulted from a series of improper actions on the magistrate's part.

### A. Standard of Review

■ Because this appeal turns on the interpretation of the Colorado Rules for Magistrates and the Colorado Rules of Civil Procedure and their application to orders entered by the magistrate and the district court, our review is de novo. *See People v. Zhuk*, 239 P.3d 437, 438 (Colo.2010).

### B. The July 7 Minute Order Was a Written Adoption of the Magistrate's Oral Contempt Finding

■ Initially, we note that a magistrate should not make a ruling deciding the issue of contempt and sanctions solely on an oral record, without also executing a written and signed order. C.R.C.P. 107(f) (an order deciding the issue of contempt and sanctions shall be final); C.R.M. 7(a)(4) (a minute order signed by a magistrate is a final written order or judgment). Contempt proceedings have serious consequences, and litigants should not be left in limbo, having the issue of finality of a contempt finding depend upon whether a magistrate has entered a written and signed order. Had the magistrate here entered a written and signed order directly after the May contempt hearing, this appeal would never have arisen.

Because of the circumstances presented here, we need not decide whether a contempt finding that is not reduced to writing and signed by a magistrate is nevertheless final and appealable. Here, the magistrate's July 7 written and signed minute order stands, however imperfectly, as a written contempt order.

■ Granted, the July 7 minute order does not explicitly state that McBlair was in contempt of court. Nevertheless, in stating that the parties were before the magistrate for a sentencing hearing, that the contempt had been purged, and that judgment was entered against McBlair for attorney fees, the minute order can only be understood as an adoption of the magistrate's earlier oral finding that McBlair had been in contempt. Moreover, the minute order imposed the same $1, 500 attorney fee award against McBlair that had been imposed in the previous oral ruling. The July 7 order "fully resolved an issue or claim," and thus, was a final order. *See* C.R.M. 7(a)(3), (4).

### C. The Magistrate Could Not Vacate Her Prior Minute Order

Where a magistrate considers a motion for contempt under C.R.C.P. 107, consent of the parties to hear the matter is not required. C.R.M. 5(b). Thus, we limit our discussion here to situations where consent of the parties is not required, and do not consider the effect of a magistrate's ruling where the parties have given consent for a magistrate to hear and decide matters ordinarily decided by a district court.

We begin by contrasting the powers of a district court magistrate with those of a district court.

■ A magistrate has only those powers provided by statute or court rule. *See* § 13–5–201(3), C.R.S.2010 ("District court magistrates may hear such matters as are determined by rule of the supreme court, subject to the provision that no magistrate may preside in any trial by jury."); § 13–6–405, C.R.S.2010 (describing powers of magistrates in small claims court); §§ 13–6–501 to 13–6–504, C.R.S.2010 (describing powers of county court magistrates); C.R.M. 1–11; *see also In re R.G.B.*, 98 P.3d 958, 960 (Colo.App.2004) (a magistrate is a hearing officer who acts with limited authority).

■ District court magistrates are not judges, but rather are supervised by district court judges. C.R.M. 1 ("Although magistrates may perform functions which judges also perform, a magistrate at all times is subject to the direction and supervision of the chief judge or presiding judge."); C.R.M. 3(a) (defining "magistrate" as "[a]ny person other than a judge authorized by statute or by these rules to enter orders or judgments in judicial proceedings"); *cf. Wiegand v. County Court Magistrate*, 937 P.2d 880

(Colo.App.1996) (use of magistrates for county court business is at the discretion of their appointing authorities; magistrates are subordinate judicial officers).

District courts have a limited ability to reconsider their judgments under C.R.C.P. 59 and 60. Under C.R.C.P. 59(a), a party may, within fifteen days, file a post-trial motion requesting a district court to reconsider its judgment. District courts may also reconsider their judgments sua sponte within fifteen days after entry of judgment, under C.R.C.P. 59(c). Under C.R.C.P. 60(b), a district court may consider a motion from a party for relief from a final judgment or order in certain defined circumstances.

■ Magistrates, however, are not accorded these powers. Under C.R.M. 5(a),

> [a]n order or judgment of a magistrate in any judicial proceeding shall be effective upon the date of the order or judgment and shall remain in effect pending review by a reviewing judge unless stayed by the magistrate or by the reviewing judge. Except for correction of clerical errors pursuant to C.R.C.P. 60(a), a magistrate has no authority to consider a petition for rehearing.

A magistrate may not entertain a motion for reconsideration under C.R.C.P. 59 or for relief from a judgment under C.R.C.P. 60. *See In re Marriage of Phelps*, 74 P.3d 506, 509 (Colo.App.2003) (declaring magistrate's ruling on motion for reconsideration void); *In re Marriage of Tonn*, 53 P.3d 1185, 1187 (Colo.App.2002) (rules governing magistrates do not authorize any motion respecting a magistrate's order except a motion for review); *see also In re Marriage of Marson*, 929 P.2d 51, 54 (Colo.App.1996) (where parties have not filed a motion for modification of parenting time, magistrate cannot unilaterally change parenting time order); *cf. In re Marriage of McSoud*, 131 P.3d 1208, 1221 (Colo.App.2006) (district court could modify its oral findings or orders at any time before issuing a final written order); *In re Marriage of Roosa*, 89 P.3d 524, 530 (Colo.App. 2004) (magistrate had no power to decide motion for reconsideration of magistrate's order; nevertheless, district court could construe motion for reconsideration as motion

for district court review, and decide it as such).

Under the Colorado Rules for Magistrates applicable to district court magistrates, the district court may alter a magistrate's findings of fact if those findings are clearly erroneous. C.R.M. 7(a)(9). Those rules do not provide for a magistrate to alter his or her own findings of fact or rulings, other than correction of clerical errors under C.R.M. 5(a).

■ It follows that district court magistrates do not have the discretion to reconsider the substance of their own written rulings sua sponte. Once a magistrate has entered a written and signed order on a matter without consent, the magistrate may not alter or amend the written order, except to correct clerical errors, whether on application of a party or sua sponte. Thus, the magistrate's July 13 order here, which purported to amend the July 7 order by concluding that McBlair was not in contempt and vacating the award of attorney fees to Berndt, is void.

This result is consistent with the policies reflected in the Colorado Rules for Magistrates when combined with the Colorado Rules of Civil Procedure. The district courts are to supervise district court magistrates, and, if timely review is sought by the parties, must review magistrates' rulings. The district court is charged in the first instance with determining the correctness of a district court magistrate's judgment or order.

## III. Conclusion

We conclude the district court erred in not vacating the magistrate's July 13 order. The district court's orders are reversed, and the case is remanded to the district court to reinstate the July 7 order of the magistrate, including the award of attorney fees to Berndt. Reinstatement of the July 7 order shall not prejudice any party from seeking timely review of that order in the district court under C.R.M. 7.

We deny both parties' requests for attorney fees. Berndt has failed to state a legal basis for her request. *See* C.A.R. 39.5. We further disagree with McBlair's contention

that this appeal is frivolous and groundless. *See* C.A.R. 38(d).

The district court's orders are reversed, and the case is remanded for further proceedings consistent with this opinion.

Judge GRAHAM and Judge ROMÁN concur.