The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
June 27, 2019

## 2019COA97

**No. 18CA0251, *Marriage of Alvis* — Family Law — Post-Dissolution — Child Support — Adjustments for Health Care Expenditures for Children — Extraordinary Medical Expenses**

In this post-dissolution of marriage case where the parties share parenting time equally, a division of the court of appeals concludes that the first $250 of uninsured medical expenses is part of the shared basic child support obligation and therefore neither party may request reimbursement from the other for that expense. The division rejects father's argument that because he pays a larger share of the basic child support obligation, mother should pay the entire $250 expense. Rather, the division holds that, because the $250 expense is part of the shared basic child support obligation, each parent must pay uninsured medical expenses incurred during his or her parenting time, until the total for each child reaches

$250, at which time the parents may seek reimbursement in proportion to their adjusted gross incomes. Accordingly, the division affirms the district court's order.

Court of Appeals No. 18CA0251
El Paso County District Court No. 11DR2085
Honorable Deborah J. Grohs, Judge

In re the Marriage of

Michelle Lea Alvis,

Appellee,

and

Norman Foster Darrell Alvis,

Appellant.

ORDER AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE HARRIS
Richman and Tow, JJ., concur

Announced June 27, 2019

Weeks & Luchetta, LLP, Alexander M. Masterson, Colorado Springs, Colorado, for Appellee

Law Office of Greg Quimby, P.C., Greg Quimby, Erica Vasconcellos, Cody Christian, Colorado Springs, Colorado, for Appellant

¶ 1 In this post-dissolution of marriage proceeding involving Michelle Lea Alvis (mother) and Norman Foster Darrell Alvis (father), father appeals the district court's order concluding that under section 14-10-115(10)(h)(I) and (II), C.R.S. 2018, neither parent can request reimbursement from the other parent for uninsured medical expenses for amounts less than $250 per child per year.

¶ 2 To resolve father's appeal, we must address an issue that has not been decided in Colorado — who bears responsibility for the first $250 of uninsured medical expenses per child per year when the parents share parenting time equally. Because we decide that those expenses are accounted for in the parents' shared basic child support obligation, we affirm. We also remand the case for determination of mother's appellate attorney fees request under section 14-10-119, C.R.S. 2018.

## I. Background

¶ 3 The parties' marriage was dissolved in March 2012. The court found that equal parenting time for the parties' three children was in the children's best interests and declined to designate a primary residential parent. Based on the child support schedule, the court ordered father to pay mother $453 per month in child support.

¶ 4     In November 2017, father moved for an order requiring mother to pay the first $250 of uninsured medical expenses per child per year. In its order, the court "reminded [the parties] that [mother] is responsible for the first $250 of uninsured medical expenses per child per year."

¶ 5     Mother then moved for relief under C.R.C.P. 59(a), contending that the district court had discretion to allocate to either parent the first $250 of uninsured medical expenses per child per year. She asked the court to allocate the expenses in proportion to the parties' incomes. Father reiterated his view that they were mother's responsibility because she was receiving child support.

¶ 6     The court disagreed with both parties and interpreted section 14-10-115(10)(h)(I) and (II) "to mean that *neither party* can request reimbursement of uninsured medical expenses from another party for amounts less than $250 per child per year."

## II. Uninsured Medical Expenses

¶ 7     Father contends that the district court erred in ruling that neither parent can request reimbursement from the other parent for the first $250 of uninsured medical expenses per child per year. He

contends that mother, because she receives child support, should bear those expenses. We disagree.

## A. Standard of Review

¶ 8    Interpretation of the child support statutes is a question of law that we review de novo. *In re Marriage of Paige*, 2012 COA 83, ¶ 9. When we interpret a statute, we must ascertain and give effect to the legislature's intent. *In re Marriage of Joel*, 2012 COA 128, ¶ 18. "We look first to the plain language of the statute, and if that language is clear and unambiguous on its face, we apply the statute as written." *Paige*, ¶ 9 (quoting *In re Marriage of Schmedeman*, 190 P.3d 788, 790 (Colo. App. 2008)).

¶ 9    But if the plain language is ambiguous or if the statute is silent on an issue that would be expected to be within its scope, we enlist tools of statutory interpretation to discern the legislature's intent. *People v. Ray*, 2018 COA 158, ¶ 16. Those tools include legislative history, prior law, the consequences of a particular construction, and the goal of the statutory scheme. *In re Marriage of Ikeler*, 161 P.3d 663, 668 (Colo. 2007). We must interpret the statute "to give consistent, harmonious, and sensible effect to all its parts." *Id.* at 667.

## B. Legal Standards

¶ 10    Parents share an obligation to support their children to the best of their abilities. *People v. Martinez*, 70 P.3d 474, 477 (Colo. 2003); *In re Marriage of Bregar*, 952 P.2d 783, 785 (Colo. App. 1997).

¶ 11    Accordingly, the child support statute provides for a shared basic child support obligation, plus adjustments for "extraordinary" expenses.

¶ 12    The basic child support obligation is determined by applying the schedule in section 14-10-115(7)(b) to the parents' combined gross incomes, which yields a presumptive amount necessary to cover the child's basic needs. § 14-10-115(7)(a)(I); *In re Marriage of Davis*, 252 P.3d 530, 534 (Colo. App. 2011). The basic obligation is then divided between the parents in proportion to their incomes. § 14-10-115(7)(a)(I). This shared obligation is supposed to provide for the child's basic needs — things like food, shelter, and clothing. *See In re Marriage of White*, 240 P.3d 534, 540 (Colo. App. 2010) (the noncustodial parent may be obligated to make child support payments to the custodial parent so that the custodial parent can provide the child with food, shelter, and other necessities),

4

*superseded by statute on other grounds*, Ch. 103, sec. 3, § 14-10-122(5), 2013 Colo. Sess. Laws 354, *as recognized in In re Marriage of Garrett*, 2018 COA 154, ¶ 31.

¶ 13    But children frequently have needs that fall outside the bare necessities covered by the basic child support obligation. Thus, the child support statute also contemplates "extraordinary" expenses. Extraordinary expenses can be predictable and recurring, like the cost of contact lenses or physical therapy for a long standing injury, or they can be unexpected, like the cost of repairing a broken tooth. Predictable and recurring extraordinary expenses are usually added to the basic child support obligation, allocated in proportion to the parties' incomes, and become part of the monthly child support order. *See, e.g.*, § 14-10-115(9)(a) (child care costs); § 14-10-115(10)(b) (health insurance premiums). Because the monthly support order already accounts for these extraordinary expenses, neither parent may separately seek reimbursement for them.

¶ 14    The unexpected extraordinary expenses, on the other hand, cannot be accounted for in the monthly support order. So when a child breaks her tooth on a trampoline or needs a few sessions of grief counseling after a grandparent dies, those expenses are paid

5

as they arise, and the parent who pays them may then seek reimbursement from the other parent for that parent's proportional share.

¶ 15   This appeal involves the statutory provision that addresses extraordinary medical expenses.  Section 14-10-115(10)(h) provides in relevant part as follows:

> (h)(I) Any extraordinary medical expenses incurred on behalf of the children shall be added to the basic child support obligation and shall be divided between the parents in proportion to their adjusted gross incomes.
>
> (II) Extraordinary medical expenses are uninsured expenses, including copayments and deductible amounts, in excess of two hundred fifty dollars per child per calendar year.  Extraordinary medical expenses include, but need not be limited to, such reasonable costs as are reasonably necessary for orthodontia, dental treatment, asthma treatments, physical therapy, vision care, and any uninsured chronic health problem.

### C.  The District Court's Order

¶ 16   As a threshold matter, we disagree with the parties' interpretation of the district court's order.  The district court interpreted section 14-10-115(10)(h)(I) and (II) "to mean that *neither*

6

*party* can request reimbursement of uninsured medical expenses from another party for amounts less than $250 per child per year."

¶ 17 Both parties interpreted the order to mean that each parent must pay $250 per child per year, for a total of $500 per child per year, before seeking reimbursement from the other parent. The district court, however, did not say that each parent is separately responsible for $250 of uninsured medical expenses per child per year. Rather, the court ruled that the parents cannot seek reimbursement for uninsured medical expenses until a total of $250 is spent on a child in a single year.

### D. First $250 of Uninsured Medical Expenses Per Child Per Year

¶ 18 With that threshold issue resolved, we turn to the merits of father's contention that mother is responsible for the first $250 of uninsured medical expenses per child per year because she receives child support from him. We are not persuaded.

¶ 19 By its plain language, section 14-10-115(10)(h)(II) specifically excludes from the definition of extraordinary medical expenses the first $250 of uninsured medical expenses per child per year. In light of the statutory scheme, if the $250 is not an extraordinary expense, it must be part of the basic child support obligation. *See*

7

*BP Am. Prod. Co. v. Patterson*, 185 P.3d 811, 813 (Colo. 2008) ("[A] provision existing as part of a comprehensive statutory scheme must be understood, when possible, to harmonize the whole.").

¶ 20 The legislative history supports our reading. When the legislature last modified the definition of extraordinary medical expenses, the bill's sponsor indicated that the basic child support schedule assumes that each child will incur $250 per year in uninsured medical expenses. Hearings on S.B. 02-21 before the S. Judiciary Comm., 63rd Gen. Assemb., 1st Sess. (Feb. 5, 2002) (statement of Sen. Peggy Reeves).

¶ 21 Thus, we conclude that the first $250 of uninsured medical expenses per child per year is included in the shared basic child support obligation.

¶ 22 Father agrees that uninsured medical expenses of less than $250 constitute a "basic need" covered by the basic child support obligation. But he says that, because the expense is part of the basic child support obligation, the parent who receives child support is obligated to pay it.

¶ 23 That argument is inconsistent with the fundamental premise of a *shared* basic child support obligation. Under the statutory

8

scheme, both parents contribute, according to their abilities, an amount necessary to cover the children's ordinary living expenses. When the parents share physical care of the children, as they do in this case, each parent's share of the support obligation is calculated, and "[t]he parent owing the greater amount of child support shall owe the difference between the two amounts . . . ." § 14-10-115(8)(b). Then, during his or her parenting time, each parent is expected to cover the children's expenses accounted for in the monthly support order. *See id.* (recognizing that when parents have shared physical care of the children, certain basic expenses will be duplicated).

¶ 24 In this case, the parties' combined monthly income of approximately $10,000 yielded a presumptive amount of basic child support of $3000 for the three children, of which father was responsible for roughly seventy percent ($2023) and mother for thirty percent ($987). Mother and father share parenting time just about equally, so each parent owes about fifty percent of his or her share to the other parent: mother owes father $492 and father owes mother $1014. After an adjustment for paying health insurance for the children, father's share owed to mother is reduced to $945.

9

Thus, after offsetting mother's share, father pays mother $453. In this way, each parent can cover the monthly expenses of the children when he or she has physical care of them.

¶ 25    According to father, the first $250 of uninsured medical expenses should be paid from the amount he sends to mother. But why would that particular expense, which is accounted for (like all basic necessities) in the monthly child support order, fall entirely to mother? If, during his parenting time, father takes the children out to eat or to the mall to buy shoes, is mother obligated to pay those expenses, too, out of the $453 child support payment? Under father's reasoning, mother should be responsible for all of the children's ordinary living expenses merely because she receives an offsetting child support payment from him. We reject that interpretation of the statutory scheme as absurd. *See State v. Nieto*, 993 P.2d 493, 501 (Colo. 2000) (in construing a statute, court must seek to avoid an interpretation that leads to an absurd result).

¶ 26    Imagine if, instead of offsetting mother's share of the child support obligation, each parent sent the other his or her share. The net result would be the same, but mother's contribution would be more obvious. And the flaw in father's logic would be as well.

10

Father is no more entitled to a reimbursement for his expenditures for the children's basic needs than mother is for hers.

¶ 27    Expenses covered by the basic support obligation have already been accounted for and divided between the parents in proportion to their incomes and therefore are not reimbursable.  Thus, each parent must pay uninsured medical expenses incurred during his or her parenting time, until the total for each child reaches $250, at which time the parents may seek reimbursement in proportion to their adjusted gross incomes.  *See* § 14-10-115(10)(h)(I)-(II).

¶ 28    We are not persuaded otherwise by *In re Marriage of Marson*, 929 P.2d 51, 52-53 (Colo. App. 1996) (construing prior version of statute which defined extraordinary medical expenses as those in excess of $100 for a single illness or condition), and *In re Marriage of Finer*, 920 P.2d 325, 330 (Colo. App. 1996) (same).  In those cases, divisions of this court assumed that the "custodial" parent was obliged to pay the excluded amount of uninsured medical expenses.  But the question of how to characterize and allocate this expense was not squarely before either division.  In any event, we do not view those cases as necessarily inconsistent with our conclusion.  It makes sense for a "custodial" parent (in modern-day

11

parlance, the parent who has exclusive or near-exclusive physical care of the child) to be responsible for paying the child's ordinary living expenses (with the financial assistance of the other parent). Here, though, neither mother nor father qualifies as the "custodial" parent, and thus the reasoning of *Marson* and *Finer* does not apply.

¶ 29    We therefore affirm the district court's order that neither parent can seek reimbursement for uninsured medical expenses of less than $250 per child per year.[1]

### III.  Mother's Request for Appellate Attorney Fees

¶ 30    Mother requests her appellate attorney fees under section 14-10-119, based on the parties' unequal financial circumstances. Because the district court is better equipped to resolve the factual issues regarding the parties' current financial circumstances, we remand mother's request to the district court.  *See In re Marriage of Kann*, 2017 COA 94, ¶ 84.

### IV.  Conclusion

---

[1] We recognize that the basic child support calculation assumes that each parent will incur some portion of the $250 of uninsured medical expenses for each child.  If the district court finds that one parent is more likely to incur all of those expenses, we do not mean to preclude the court from deviating from the basic support obligation to reflect and remedy that inequity.  *See* § 14-10-115(8)(e), C.R.S. 2018.

¶ 31     The district court's order is affirmed, and the case is remanded for determination of mother's appellate attorney fees request under section 14-10-119.

JUDGE RICHMAN and JUDGE TOW concur.