23CA1222 Marriage of Rangel 08-22-2024 COLORADO COURT OF APPEALS Court of Appeals No. 23CA1222 Weld County District Court No. 22DR30047 Honorable Randall C. Lococo, Magistrate In re the Marriage of Anel Rangel, Appellee, and Joel Rene Vazquez Vargas, Appellant. JUDGMENT REVERSED AND CASE REMANDED WITH DIRECTIONS Division V Opinion by JUDGE HARRIS Brown and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced August 22, 2024 Melusky Law, LLC, David J. Melusky, Greeley, Colorado, for Appellee Donald E. Janklow, Greeley, Colorado, for Appellant 
1 ¶ 1 In this dissolution of marriage proceeding involving Joel Rene Vazquez Vargas (husband) and Anel Rangel (wife), husband appeals permanent orders as they relate to the property division. Specifically, he contends that the magistrate erred in valuing his business. We reverse the judgment and remand the case for further proceedings. I. Relevant Facts ¶ 2 In January 2022, after seventeen years of marriage, wife filed a petition for dissolution. At that time, husband was self-employed through his remodeling and concrete business, and wife was unemployed. ¶ 3 On May 30, 2023, the magistrate issued a dissolution decree and entered permanent orders. The court made the following findings: • Husband’s business was marital property. It was formed in 2015 and had a “good reputation based on [husband’s] hard work and reputation.” 
2 • The value of the business’s equipment was uncertain given the limited testimony. • All real property in the marital estate, including a mobile home, owned, in whole or in part, by husband’s business was marital property subject to equitable division and excluded from the business’s value. • Husband’s business was worth only its goodwill, which was valued at $351,238. • Husband was receiving significantly more income from the business than he claimed, evidenced by the fact that his alleged income did not cover his reported business and personal expenses. Husband’s actual monthly income was $11,300. ¶ 4 From those findings, the court (1) allocated the business to husband; (2) ordered husband to pay wife an “equalization” payment of $175,000; and (3) directed husband to pay wife monthly maintenance of $2,325 for 110 months. 
3 II. Property Division ¶ 5 Husband asserts that the magistrate improperly valued the business’s goodwill and, as a result, the property division cannot stand. We agree. A. Relevant Legal Principles and Standard of Review ¶ 6 “The value of goodwill has long been accepted as an attribute of a business relevant to determining its value.” In re Marriage of Medeiros, 2023 COA 42M, ¶ 41. Goodwill generally refers to those intangible assets of a business, such as reputation and on-going relationships with customers and suppliers. See In re Marriage of Nichols, 43 Colo. App. 383, 385, 606 P.2d 1314, 1315 (1979) (“A professional, like any entrepreneur who has established a reputation for skill and expertise, can expect his patrons to return to him, to speak well of him, and upon selling his practice, can expect that many will accept the buyer and will utilize his professional expertise. These expectations are a part of goodwill, and they have a pecuniary value.”); see also In re Marriage of Banning, 971 P.2d 289, 292 (Colo. App. 1998) (location, reputation, 
4 customer base, and customer relations constitute the goodwill of a business). ¶ 7 The court has considerable discretion to achieve an equitable property division, and absent an abuse of that discretion, we will uphold the court’s decision. Medeiros, ¶ 28. The court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. See id. ¶ 8 Valuing property is also within the court’s discretion, and we will not disturb the court’s valuation if it is reasonable in light of the evidence as a whole. In re Marriage of Krejci, 2013 COA 6, ¶ 23. The court may select the valuation of one spouse over that of the other spouse, or make its own valuation, and the court’s determination will be upheld on appeal unless clearly erroneous, meaning no evidence in the record supports it. See id.; see also Van Gundy v. Van Gundy, 2012 COA 194, ¶ 12. 
5 B. Discussion ¶ 9 Neither party called an expert to opine on the value of the business.
1 Husband testified that the business had a value of $15,000 or $20,000. Wife, who acknowledged that she had no “experience with running a business” and no “accounting experience,” offered only that the business was worth “a lot.” ¶ 10 Despite husband’s testimony that the business had some value, his proposed findings and conclusions did not include any value for the business. On the other hand, while wife was unable to provide any evidence of the business’s value during the hearing, her proposed findings and conclusions asserted that the business was worth over $1,000,000, including $351,238 of goodwill. In calculating goodwill, she applied what she called the “average profits method.” According to wife, under that method, “goodwill is 1 Wife explained in her written closing argument that she had suggested that the parties hire an expert to value the business, but husband rejected that idea. She said she could not afford to hire an expert on her own, so no valuation expert was retained. Wife did not request that the court appoint an expert under C.R.C.P. 16.2(g) or otherwise bring her request for an expert to the court’s attention before her closing argument. 
6 equal to the average profits for a set time period, multiplied by the number of years.” She averaged the business’s profits over seven years (2016 through 2022), multiplied that number by seven, and arrived at a value of $351,238. ¶ 11 The magistrate adopted wife’s valuation in part. The court first found that the value of the business was all goodwill. It explained that although the business had some property — equipment, real property, and a mobile home — it had allocated that property “elsewhere” as part of its division of the marital estate. Then, using wife’s “average profits method,” it valued the goodwill at $351,238. ¶ 12 We recognize that the magistrate was at a distinct disadvantage in valuing the business given the state of the evidence. Nevertheless, we conclude that the magistrate erred by accepting wife’s proposed “average profits method” to value the business’s goodwill. See Medeiros, ¶ 28. ¶ 13 True, the business’s annual profits were introduced into evidence through tax returns. But there was no evidence presented 
7 that multiplying a business’s average profits by a number of years would yield an accurate value of its goodwill. ¶ 14 Nor did the court make any finding based on the evidence that the “average profits method” was a reasonable way to calculate goodwill. And there is no case law, in Colorado or elsewhere, indicating that this method is a reliable and recognized method to determine business goodwill. ¶ 15 Indeed, under this method, the court effectively equated the business’s actual net income over seven years with the value of the business’s goodwill. But “goodwill is a property or asset which supplements the earning capacity of . . . a business . . . and therefore, it is not the earning capacity itself.” In re Marriage of Graff, 902 P.2d 402, 405 (Colo. App. 1994) (emphasis added). ¶ 16 Though wife suggests that the court’s valuation might be justified based on husband’s underreporting of income, she does not dispute that the court’s methodology was flawed. On appeal, she concedes that “[i]t has to be acknowledged . . . that the method used by the [t]rial [c]ourt is suspect.” 
8 ¶ 17 Because the magistrate erred in valuing husband’s business, we reverse this portion of the permanent orders and remand the case for the court to revalue the business and redetermine an equitable property division. See In re Marriage of Corak, 2014 COA 147, ¶ 31; see also Krejci, ¶ 18. On remand, the court may take additional evidence concerning the value of the business as of the date of the decree. See In re Marriage of Mohrlang, 85 P.3d 561, 564 (Colo. App. 2003); see also § 14-10-113(5), C.R.S. 2024 (property must be valued at the time of the decree or of the hearing on disposition, whichever is earlier). ¶ 18 Also, the court must allow the parties to present evidence concerning their economic circumstances at the time of the remand proceedings. See § 14-10-113(1)(c) (the court considers the parties’ economic circumstances at the time the property division “is to become effective”); In re Marriage of Powell, 220 P.3d 952, 961 (Colo. App. 2009) (court required to consider the parties’ financial circumstances existing at the time of remand when reconsidering property division and maintenance). 
9 III. Maintenance ¶ 19 Because the court on remand must redetermine the property division, the court must also reconsider wife’s maintenance award. See Medeiros, ¶ 25 (court must reconsider the issue of maintenance on remand of the property division); see also In re Marriage of de Koning, 2016 CO 2, ¶ 26. And given that maintenance is based on the parties’ financial circumstances at the time the order is entered, on remand, the court should consider the parties’ current circumstances for this purpose as well. See In re Marriage of Stradtmann, 2021 COA 145, ¶ 35. IV. Appellate Attorney Fees ¶ 20 Wife seeks her appellate attorney fees under section 14-10-
119, C.R.S. 2023. Apart from citing the statute, she provides no basis for the request, and as a result, we must deny it. See C.A.R. 39.1 (a party seeking appellate attorney fees must explain the legal and factual basis for the award; “[m]ere citation to th[e] rule or to a statute, without more, does not satisfy the legal basis requirement”); In re Marriage of Newell, 192 P.3d 529, 538 (Colo. App. 2008). 
10 V. Disposition ¶ 21 The judgment relating to the value of husband’s business is reversed and the case is remanded to the district court to reconsider the issue. The court on remand may take additional evidence on the value of the business as of the date of the decree. Mohrlang, 85 P.3d at 564; see also § 14-10-113(5). In light of its new valuation finding, the court must reconsider the entire property division to achieve an equitable result. See Corak, ¶ 31; see also Krejci, ¶ 18. The court on remand should also reconsider the issue of maintenance. The court must consider the parties’ economic circumstances at the time of the remand when dividing the marital property and determining maintenance. See Powell, 220 P.3d at 961; see also Stradtmann, ¶ 35. JUDGE BROWN and JUDGE LUM concur.