24CA0620 Marriage of Harvey 11-27-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0620
Arapahoe County District Court No. 22DR1582
Honorable Richard H. Ferro, Magistrate

---

In re the Marriage of

Sarah Jane Harvey,

Appellant,

and

Stephen Harrison Harvey,

Appellee.

---

JUDGMENT AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE SCHOCK
Fox and Johnson, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced November 27, 2024

---

Sarah Jane Harvey, Pro Se

No Appearance for Appellee

¶ 1    In this dissolution of marriage case between Sarah Jane Harvey (wife) and Stephen Harrison Harvey (husband), wife appeals those portions of the permanent orders concerning maintenance, child support, and attorney fees. We affirm the judgment in part, reverse it in part, and remand the case for further proceedings.

## I.    Background

¶ 2    The parties married in 1999. In 2024, a magistrate dissolved their marriage and entered permanent orders. The marital estate consisted primarily of debt, with the magistrate allocating wife $66,000 of debt and husband $86,000 of debt. The magistrate also awarded wife her PERA account, which was valued at $74,000.

¶ 3    In determining maintenance and child support, the magistrate found that wife's monthly income was $6,336, based on her wages as an assistant principal. The magistrate found that husband's monthly income was $8,750, based on his salary as a construction site supervisor. Wife argued that there were additional substantial, unexplained deposits regularly flowing into the parties' bank account, which she attributed to husband. But the magistrate did not include any of those amounts in either party's income.

¶ 4 Using the stated income figures, the magistrate found that, under the maintenance guidelines, no maintenance was payable. The magistrate then denied wife's request for maintenance, finding that she did not lack sufficient marital property to provide for her reasonable needs and was otherwise able to support herself through appropriate employment. Based on the parties' respective incomes, the magistrate awarded wife $321 per month in child support.

## II. Husband's Income

¶ 5 Wife contends that the magistrate erred by failing to consider evidence of additional, undisclosed income received by husband in calculating maintenance and child support. Because the record does not demonstrate that the magistrate considered this evidence, we cannot determine the basis for the magistrate's finding as to husband's income. We thus remand for further proceedings.

### A. Standard of Review and Applicable Law

¶ 6 When awarding maintenance and child support, the court must determine each party's gross income. § 14-10-114(3)(a)(I)(A), (8)(a)(II), C.R.S. 2024; § 14-10-115(1)(b)(I), (3)(c), C.R.S. 2024; *see In re Marriage of Tooker*, 2019 COA 83, ¶ 13. Gross income generally means "income from any source," including, among other things,

2

salaries, wages, payments received as an independent contractor, commissions, bonuses, mandatory overtime pay, and monetary gifts. § 14-10-114(8)(c)(I); § 14-10-115(5)(a)(I). Gross income excludes income from additional jobs that result in more than full-time employment. § 14-10-114(8)(c)(II)(C); § 14-10-115(5)(a)(II)(C).

¶ 7    The parties' income is relevant to several factors the court must consider as part of the multi-step process for determining maintenance. *See In re Marriage of Stradtmann*, 2021 COA 145, ¶ 28; *In re Marriage of Herold*, 2021 COA 16, ¶ 24. For example, the court must consider and make findings regarding gross income, the financial resources of each party, the guideline amount of maintenance based on the parties' incomes, and whether one party historically earned a higher or lower income than at the time of the permanent orders. *See* § 14-10-114(3)(a)(I)(A), (C), (3)(a)(II)(A), (B), 3(c)(I), (II), (V), (VI). Only after making such findings must the court determine whether "the spouse seeking maintenance lacks sufficient property, including marital property apportioned to him or her, to provide for his or her reasonable needs and is unable to support himself or herself through appropriate employment." § 14-10-114(3)(d); *see also In re Marriage of Wright*, 2020 COA 11,

¶ 16 (recognizing that "the legislature has instructed the trial court to consider [the subsection (3)(d)] arguably threshold inquiry last").

¶ 8     We review a court's maintenance and child support orders, including its determination of the parties' incomes, for an abuse of discretion. *Tooker*, ¶¶ 12, 21, 27. In doing so, we defer to the lower court's factual findings unless they are clearly erroneous, meaning that there is no evidence in the record to support them. *In re Marriage of Dean*, 2017 COA 51, ¶ 8; *In re Marriage of Connerton*, 260 P.3d 62, 66 (Colo. App. 2010). But the court's findings of fact and conclusions of law must be "sufficiently explicit" to give us a clear understanding of the basis of its order. *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9; *see also* C.R.C.P. 52. Factual findings are sufficient if they "identify the evidence which the fact finder deemed persuasive and determinative of the issues raised." *In re Marriage of Garst*, 955 P.2d 1056, 1058 (Colo. App. 1998).

## B.     Analysis

¶ 9     At the permanent orders hearing, both parties testified as to their regular salaries, which the magistrate used in determining both maintenance and child support. But wife also testified

concerning additional frequent and large unexplained deposits into the parties' joint bank account, which she attributed to husband.

¶ 10    Wife explained that husband handled the parties' finances during the marriage, and she presented an exhibit summarizing approximately three years of bank deposits. The exhibit calculated the total deposits that flowed into the parties' account beyond their regular employment wages. Even after deducting money from husband's relatives and proceeds from husband's multiple 401(k) loans, wife testified that there was an average of $5,400 per month in unexplained deposits in 2021 and $7,070 per month in 2022.

¶ 11    The underlying bank statements similarly reflected thousands of dollars of deposits in addition to the parties' regular salaries, including numerous in-branch deposits. Husband did not provide any explanation as to the source of these deposits.

¶ 12    Despite wife's lengthy testimony concerning these additional funds flowing into the parties' account, the magistrate did not meaningfully address wife's allegations of husband's undisclosed income. The magistrate's only reference to additional income consisted of the following: "The Court considers that testimony regarding financial assistance from family members as well as

5

additional monies deposited by Wife are not imputed to Husband as his income." For two reasons, this perfunctory finding does not give us a sufficient understanding as to how the magistrate resolved wife's allegations of additional, undisclosed income. *See Gibbs*, ¶ 9.

¶ 13 First, while the magistrate declined to consider "financial assistance from family members" as husband's income, wife testified that there were thousands of dollars in monthly deposits *beyond* the amounts received from husband's family. The magistrate did not make any findings concerning those additional amounts. Moreover, to the extent that gifts are "regularly received from a dependable source," they may be considered as income. *In re Marriage of Nimmo*, 891 P.2d 1002, 1007 (Colo. 1995) (citation omitted). Again, the magistrate did not explain why it did not consider this "financial assistance from family members" as gift income. *See* § 14-10-114(8)(c)(I)(U); § 14-10-115(5)(a)(I)(U).

¶ 14 Second, the magistrate's decision not to impute as husband's income "additional monies deposited by wife" likewise does not meaningfully address wife's testimony or resolve her contention regarding husband's additional, undisclosed income. Neither party suggested that wife was the source of the numerous large deposits

6

described in her summary exhibit and depicted in the bank statements. Thus, even if there were some additional amounts deposited by wife that would not be attributed to husband, it would not explain the thousands of dollars in alleged additional deposits.

¶ 15     Of course, the magistrate, as fact finder, could "believe all, part, or none of [wife's] testimony" concerning the unexplained deposits, "even if uncontroverted." *In re Marriage of Amich*, 192 P.3d 422, 424 (Colo. App. 2007). But the magistrate made no findings concerning the credibility of wife's testimony regarding the ongoing deposits. Nor did the magistrate address the unrebutted evidence that additional deposits — separate from purported gifts from family members — were made to the parties' account. By failing to address this testimony and evidence, the magistrate did not adequately identify the "evidence which [it] deemed persuasive and determinative of the issues raised." *Garst*, 955 P.2d at 1058.

¶ 16     Without some explanation for the magistrate's treatment of the additional non-wage deposits, we are unable to discern the basis for the magistrate's finding that husband's income did not include any of those amounts. And because the determination of the parties' incomes is central to the determination of maintenance, *see* § 14-

10-114(3)(a)(I)(A), (C), (3)(a)(II)(A), (B), (3)(c)(I), (II), (V), (VI), we reverse the magistrate's denial of wife's request for maintenance and remand the case for further proceedings on that issue.

¶ 17 On remand, the magistrate must reconsider wife's request for maintenance using the procedure specified by section 14-10-114(3), making findings where required, and addressing the factors relevant to that determination. *See Herold*, ¶¶ 29-32; *Stradtmann*, ¶¶ 33-35. The magistrate must make sufficiently explicit findings, including as to husband's income and wife's evidence concerning additional deposits, to permit meaningful appellate review of the basis of the order. *See Wright*, ¶ 20; *Gibbs*, ¶ 9. Because maintenance is based on the spouses' financial circumstances at the time an order is entered, the court on remand must consider the parties' current financial circumstances, which means it must take additional evidence. *See Wright*, ¶ 24; *Stradtmann*, ¶ 35.

¶ 18 In addition, because the magistrate's calculation of child support was based in part on the same determination of husband's income, and because "the issues of child support and maintenance are inextricably intertwined," we also remand for recalculation of

child support consistent with section 14-10-115(3)(a). *See In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005).

¶ 19    Finally, because the issue may arise on remand, we consider and reject wife's contention that the magistrate erroneously calculated her number of overnights for purposes of determining child support. Child support is calculated based on the number of overnights that the child will have with each parent under the court's allocation of parental responsibilities, going forward, not the amount of time that the child spent with each parent while the court proceedings were pending. *See* § 14-10-115(8)(b). Here, the magistrate ordered a 50/50 division of parenting time and properly calculated the overnights based on that parenting time split.

### III.    Attorney Fees

¶ 20    We reject wife's contention that the magistrate should have awarded her attorney fees under section 13-17-102, C.R.S. 2024, because husband unnecessarily prolonged the proceedings by refusing to comply with his disclosure and discovery response obligations. The record indicates that the parties resolved their dispute concerning these issues via stipulation on February 5,

2024. We therefore affirm the portion of the permanent orders denying wife's request for attorney fees under section 13-17-102.

¶ 21 But because we are reversing and remanding the permanent orders with regard to maintenance, we must also set aside the portion of the permanent orders declining to award either party attorney fees under section 14-10-119, C.R.S. 2024. *In re Marriage of Morton*, 2016 COA 1, ¶ 33. On remand, after reconsidering maintenance, the magistrate must reconsider wife's request for an award of attorney fees under section 14-10-119 based on the parties' present financial circumstances. *See id.* at ¶¶ 33-34.

## IV. Disposition

¶ 22 The portions of the judgment concerning maintenance, child support, and attorney fees under section 14-10-119 are reversed, and the case is remanded for reconsideration and additional findings regarding maintenance, child support, and attorney fees under section 14-10-119, consistent with this opinion. The portion of the judgment concerning wife's request for attorney fees under section 13-17-102 is affirmed. The remaining portions of the judgment that were not appealed remain undisturbed.

JUDGE FOX and JUDGE JOHNSON concur.