24CA1129 Marriage of Kuznetsov 05-22-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1129
Eagle County District Court No. 22DR30032
Honorable Rachel Olguin-Fresquez, Judge

In re the Marriage of

Lauren Khouri Smith,

Appellee,

and

Dennis Kuznetsov,

Appellant.

JUDGMENT AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division IV
Opinion by JUDGE GOMEZ
Freyre and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 22, 2025

Harwich Brickey, LLC, Kara M. Harwich, Fort Collins, Colorado, for Appellee

Dennis Kuznetsov, Pro Se

¶ 1    In this dissolution of marriage case between Lauren Khouri Smith (wife) and Dennis Kuznetsov (husband), husband appeals those portions of the permanent orders concerning the marital property division, maintenance, and attorney fees.  He also appeals the district court's modification of his child support obligation.

¶ 2    We affirm the judgment as to the property division.  We reverse the judgment as to maintenance and attorney fees, reverse the portion of the permanent orders modifying child support, and remand for further proceedings.

## I.    Background

¶ 3    In 2022, wife petitioned to dissolve the parties' marriage of approximately ten years.  In February 2023, the district court adopted the parties' jointly executed parenting plan and separation agreement and entered a decree dissolving the parties' marriage.  The parenting plan allocated parental responsibilities as to the parties' two children and provided that husband would pay wife $1,942 per month in child support.  The separation agreement awarded wife the vast majority of the marital estate and waived maintenance on behalf of both parties.

¶ 4    In April 2023, husband filed a C.R.C.P. 60 motion to amend both the parenting plan and the separation agreement, asserting that the district court had failed to review the documents' provisions for unconscionability and that he had executed the documents during a mental health crisis.  While his C.R.C.P. 60 motion was still pending, husband also moved to modify child support.  The district court then granted husband's C.R.C.P. 60 motion in part and reopened the marital property division.  However, the provisions of the parenting plan were left in place, subject to husband's motion to modify child support.

¶ 5    After a hearing, the district court entered permanent orders.  The court indicated that it was dividing the approximately $950,000 marital estate, which consisted primarily of the parties' four properties, equally.  Specifically, the court awarded wife one property with $303,581 in equity and husband two properties with $346,702 in total equity.  The court ordered the parties' fourth property (Old Trail) to be sold with an equal division of the net proceeds.  After dividing the parties' other assets and debts, the court ordered husband to pay wife a total of $108,039, consisting of a property equalization payment of $69,149, a $18,890 child

support arrearage, and $20,000 in attorney fees that the court awarded to wife.

¶ 6     The court ordered the equalization payment to be taken from husband's portion of the proceeds from the sale of Old Trail. Shortly after the entry of the permanent orders, the district court granted the parties' joint motion under C.R.C.P. 60(b) to reduce the total payment to wife to $79,686 because a debt that had been allocated to wife had been inadvertently overstated by $28,353.

¶ 7     In the permanent orders, the district court also awarded wife maintenance in the amount of $1,143.75 per month for a term of five years and six months, and reduced husband's child support obligation to $1,534.59 per month.

## II.    Marital Property Division

¶ 8     We first consider and reject husband's contention that the district court reversibly erred when dividing the marital property.

### A.    Standard of Review and Applicable Law

¶ 9     Upon dissolution, a district court divides marital property in a way that is just and equitable, although such a division need not be equal. *See* § 14-10-113(1), C.R.S. 2024; *see also In re Marriage of Burford*, 26 P.3d 550, 556 (Colo. App. 2001). The court enjoys

broad discretion in fashioning an equitable division of marital property. *In re Marriage of Balanson*, 25 P.3d 28, 35 (Colo. 2001). Accordingly, we will not disturb the court's division of property unless there has been a clear abuse of discretion. *In re Marriage of Powell*, 220 P.3d 952, 954 (Colo. App. 2009). A district court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *In re Marriage of Herold*, 2021 COA 16, ¶ 5.

## B.   Discussion

¶ 10    To start, because he inaccurately characterizes the marital property division, we reject husband's contention that the district court abused its discretion by inequitably awarding wife a disproportionate share of the marital property.

¶ 11    Arguing that anything less than a 50/50 division of the marital estate was inequitable, husband erroneously claims that the district court unequally, and therefore inequitably, divided the marital property. But in asserting that the division of the marital estate was unequal, husband incorrectly uses the full payment to wife in his calculations. In using the full payment, husband ignores the fact that only $40,796 of the $79,696 payment pertained to

4

equalizing the marital property division; the remaining portion of the payment consisted of his child support arrearage and the award of attorney fees to wife. Similarly, husband's calculations appear to ignore and exclude from the marital estate the 50 percent of the approximately $385,763 in marital equity from Old Trail that each party will receive upon the property's sale.

¶ 12 Indeed, contrary to husband's assertion that the marital property division was disproportionate, the district court explicitly stated that it was equally dividing the marital estate as it allocated the parties' real estate, vehicles, bank accounts, and debt, while calculating equalization payments corresponding to each category of property.

¶ 13 We agree with husband, however, that the district court made repeated errors in wife's favor when calculating the equalization payments for each category of marital property. Specifically, the court failed to divide by two when calculating the equalization payments as to the real estate, vehicles, and bank accounts, resulting in a total miscalculation of $31,900 in wife's favor.

¶ 14 However, errors in the marital property division are reversible only when the aggregate effect of such errors affects the substantial

rights of the parties, meaning that we disregard errors affecting only a small percentage of the overall marital estate. *See Balanson*, 25 P.3d at 36; *see also* C.R.C.P. 61. And here, the errors in wife's favor affected less than 5 percent of the marital estate, so the errors were harmless. *See* C.R.C.P. 61; *cf. In re Marriage of Morton*, 2016 COA 1, ¶ 8 (error involving loans comprising approximately one-third of the marital estate required reversal). Moreover, lessening any prejudice to husband, the parties and the district court made a similar error in the amount of about $14,176 in *husband's favor* when amending the payment to wife postjudgment to account for the $28,353 of debt that had been allocated to her, but which did not exist.

¶ 15     We also reject husband's assertion that the district court made insufficient findings in support of the property division. While section 14-10-113(1) requires the court to consider certain factors when dividing the marital property, such as the contributions of each spouse, the value of the parties' separate property, and the spouses' respective economic circumstances, weighing the factors is within the district court's discretion, and the court need not make specific findings on each factor. *See Powell*, 220 P.3d at 959; *see*

*also In re Marriage of Gibbs*, 2019 COA 104, ¶ 9 (a district court must make findings of fact and conclusions of law sufficiently explicit to give an appellate court a clear understanding of the basis of its order).

¶ 16 Here, although the district court didn't engage in a detailed discussion of each statutory factor, we are satisfied that the court considered the pertinent factors when dividing the marital estate. *See Powell*, 220 P.3d at 959. For instance, at other points, the court found that "both parties have worked and contributed to the financial stability of the family during the marriage," and it engaged in a detailed discussion of the parties' respective economic circumstances, including each party's present earning capacity. *See* § 14-10-113(1)(a), (c).

¶ 17 Finally, we reject husband's contention that the district court erred by allowing wife to select the real estate agent for the sale of Old Trail. The mechanism employed to effectuate an equitable division of the marital property rests within the court's sound discretion, and it may enter a variety of orders to implement the division, including orders imposing conditions on the sale of marital property. *See In re Marriage of Lafaye*, 89 P.3d 455, 462 (Colo. App.

7

2003).  Accordingly, we decline to disturb the court's orders governing the sale of Old Trail.

### III.  Maintenance

¶ 18    While we reject husband's challenge to the marital property division, we agree with him that the district court made insufficient findings when awarding wife maintenance, and we therefore conclude that further proceedings are required.

### A.    Standards of Review and Applicable Law

¶ 19    The district court has broad discretion in deciding the amount and duration of a maintenance award, and, absent an abuse of that discretion, its decision will not be reversed.  *See* § 14-10-114(2), (3)(e), C.R.S. 2024; *In re Marriage of Wright*, 2020 COA 11, ¶ 15; *In re Marriage of Vittetoe*, 2016 COA 71, ¶ 14.

¶ 20    Under section 14-10-114(3), the court must follow a specific process when awarding maintenance.  *In re Marriage of Stradtmann*, 2021 COA 145, ¶ 28.  "[T]he court must first make written or oral findings on each party's gross income, the marital property apportioned to each party, each party's financial resources, the reasonable financial need as established during the marriage, and the taxability of the maintenance awarded."  *Herold*, ¶ 25; *see also*

§ 14-10-114(3)(a)(I). Next, the court must determine the amount and term of maintenance, if any, that is equitable after considering the statutory advisory guidelines and a list of non-exclusive statutory factors. § 14-10-114(3)(a)(II)(A), (3)(a)(II)(B), (3)(b), (3)(c); *Wright*, ¶ 15. Finally, before the court may award maintenance, it must find that the party seeking maintenance lacks sufficient property, including marital property apportioned to them, to provide for their reasonable needs and is unable to support themself through appropriate employment. § 14-10-114(3)(a)(II)(C), (3)(d).

¶ 21 While the district court ultimately has discretion to enter a fair and equitable maintenance award, it must "make specific written or oral findings in support of the amount and term of maintenance awarded." § 14-10-114(3)(e); *see also Gibbs*, ¶ 9; *In re Marriage of Garst*, 955 P.2d 1056, 1058 (Colo. App. 1998) ("Factual findings are sufficient if they identify the evidence which the fact finder deemed persuasive and determinative of the issues raised.").

## B. Discussion

¶ 22 We agree with husband that the district court made insufficient findings to support the $1,143.75 per month in maintenance awarded to wife.

9

¶ 23    The district court's findings in support of the maintenance award were short and conclusory:

> Given the lifestyle of the parties during the marriage and [wife's] limited ability to meet her reasonable needs, and as her income is significantly less than that of [husband], the court finds that [wife] is eligible for and in need of maintenance. . . .  The marriage lasted eleven years and 5 months.  Therefore, maintenance is ordered for five years and six months.  The amount of maintenance that [husband] shall pay [wife] each month is $1,143.75 as calculated using Colorado guidelines.

¶ 24    While the district court then made significant, detailed findings in support of its determination of the parties' respective incomes, *see* § 14-10-114(3)(a)(I)(A), the court made no findings as to either party's reasonable financial needs, despite concluding that wife had a limited ability to meet her needs and thus qualified for maintenance, *see* § 14-10-114(3)(a)(I)(D), (3)(d).  And although the court then calculated the guideline amount of maintenance, *see* § 14-10-114(3)(b), and indicated that it had considered the parties' lifestyle during the marriage, the court made no findings as to what the parties' lifestyle actually was or the costs that were associated with their lifestyle, *see* § 14-10-114(3)(c)(III).

¶ 25    Likewise, except for the district court's findings concerning the parties' respective incomes and the duration of the marriage, we lack sufficient findings to meaningfully review the extent to which the court considered the numerous other maintenance factors under section 14-10-114(3)(c). *See Gibbs*, ¶ 9; *Garst*, 955 P.2d at 1058; *cf. Wright*, ¶ 20 (recognizing that while a district court need not make specific factual findings on every factor under section 14-10-114(3)(c), a generalized statement that the court considered the statutory criteria is insufficient).

¶ 26    Wife cites portions of the record that she contends otherwise support the award of maintenance, such as her financial needs as reflected in her sworn financial statement. But given that it was the district court's role to make credibility determinations, as well as to synthesize and resolve any contradictions in the evidence, we decline wife's invitation to infer our own findings in support of the maintenance award. *Cf. In re Marriage of Wollert*, 2020 CO 47, ¶ 23 ("[F]actfinding is the basic responsibility of district courts, rather than appellate courts," because a "cold record is a poor substitute for live testimony." (quoting *Pullman-Standard v. Swint*, 456 U.S.

273, 291 (1982), and *People v. Scott*, 600 P.2d 68, 69 (Colo. 1979), respectively)).

¶ 27    Accordingly, we reverse the maintenance award and remand the case for further proceedings.  On remand, the district court must reconsider wife's request for maintenance using the procedure specified by section 14-10-114(3), making findings where required, and addressing the factors relevant to its determination.  *See Herold*, ¶¶ 29-34; *Stradtmann*, ¶¶ 33-35.  The court must make sufficiently explicit findings of fact to give us a clear understanding of the basis of its order.  *See Wright*, ¶ 20; *Gibbs*, ¶ 9.  Because maintenance is based on the spouses' financial circumstances at the time an order is entered, the court on remand must consider the parties' current financial circumstances, which means it must take additional evidence.  *See Wright*, ¶ 24; *Stradtmann*, ¶ 35.

## IV.    Modification of Child Support

¶ 28    Asserting that the district court erred in determining the parties' respective incomes, husband also challenges the district court's order modifying child support that set his monthly child support obligation at $1,534.59 per month.

¶ 29    Because maintenance and child support, including the determination of the parties' incomes, are "inextricably intertwined," *In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005), and because we have reversed the maintenance award, we also reverse the portion of the permanent orders modifying husband's child support obligation. We remand for reconsideration of husband's motion to modify child support under section 14-10-122(1)(a), C.R.S. 2024, including the recalculation of child support consistent with section 14-10-115(2)(b), (3)(a), C.R.S. 2024.

¶ 30    Here, too, the district court must consider the parties' current financial circumstances on remand. *See In re Marriage of Schaefer*, 2022 COA 112, ¶ 41. Therefore, we decline to address husband's contention that the court erred in determining the parties' respective incomes for both maintenance and child support purposes, given that the parties will have an opportunity to present evidence as to their current financial circumstances on remand. *See Wright*, ¶ 24; *Stradtmann*, ¶ 35.

## V.    Attorney Fees

¶ 31    Husband lastly challenges the district court's award of $20,000 in attorney fees to wife under section 14-10-119, C.R.S.

2024, which it based on the parties' disparate financial resources and a finding that husband had prolonged the proceedings. Because a determination of attorney fees must be reviewed in light of the parties' financial resources after any maintenance award, the court must also reconsider its determination of attorney fees given our reversal of the maintenance award. *See In re Marriage of Medeiros*, 2023 COA 42M, ¶ 62. Therefore, we decline to consider husband's contention that the district court erred in awarding wife attorney fees.

¶ 32    However, in the event that the district court awards attorney fees on remand, the court must make findings sufficient for us to determine whether it awarded attorney fees under section 14-10-119, section 13-17-102, C.R.S. 2024, or both. *See Gibbs*, ¶ 9; *see also* § 14-10-119 (affording the court discretion to award fees in a dissolution proceeding "after considering the financial resources of both parties"); §§ 13-17-102, -103, C.R.S. 2024 (governing awards of attorney fees for maintaining a substantially frivolous, groundless, or vexatious action); *In re Marriage of Trout*, 897 P.2d 838, 840 (Colo. App. 1994) (although the court may consider a party's actions in initiating unwarranted proceedings when

determining whether to award attorney fees under section 14-10-119, the award should be primarily a means of apportioning the costs and fees of an action equitably between the parties and not a means of punishing a party).

## VI. Appellate Attorney Fees

¶ 33 Asserting that husband's appeal is frivolous, wife requests an award of her appellate attorney fees under C.A.R. 38(b). Given our disposition, we deny wife's request for appellate attorney fees and we also decline to award her costs on appeal. *See* C.A.R. 39(a) (if a judgment is affirmed or reversed in part, or is vacated, costs shall be allowed only as ordered by the court).

¶ 34 Wife also requests her appellate attorney fees under section 14-10-119 due to the alleged financial disparities between the parties. Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, we direct it to address this request on remand. *See* C.A.R. 39.1; *In re Marriage of Schlundt*, 2021 COA 58, ¶ 54.

## VII. Disposition

¶ 35 The portions of the judgment concerning the property division are affirmed. The portions of the judgment concerning maintenance

and the award of attorney fees to wife are reversed. The portions of the judgment modifying child support are reversed. The case is remanded for further proceedings as to maintenance, the modification of child support, wife's request for attorney fees, and her request for appellate attorney fees. Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE FREYRE and JUDGE MEIRINK concur.