24CA0897 Marriage of Williams 06-26-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0897
Gunnison County District Court No. 22DR30017
Honorable J. Steven Patrick, Judge

In re the Marriage of

Karen Spector Williams,

Appellee,

and

Shawn Aaron Williams,

Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE YUN
Tow and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 26, 2025

Ciancio Ciancio Brown, P.C., Melinda S. Moses, Leslee K. Balten, Denver, Colorado, for Appellee

Price Family Law, LLC, Trista Price, Denver, Colorado, for Appellant

¶ 1 In this dissolution of marriage case between Shawn Aaron Williams (husband) and Karen Spector Williams (wife), husband appeals those portions of the permanent orders concerning maintenance, child support, calculation of the parties' incomes, allocation of a small business loan (the SBA loan) incurred during the marriage, and attorney fees. We reverse the judgment and remand the case for further proceedings.

## I. Background

¶ 2 The parties were married for eighteen years, during which time they had two children. The district court entered a decree dissolving their marriage in January 2024.

¶ 3 As relevant to this appeal, the court found that husband's income was $20,000 per month (or $240,000 per year) and wife's income was $4,000 per month (or $48,000 per year). The court ordered husband to pay $5,600 per month in maintenance, $470 per month in child support, and $65,000 toward wife's attorney fees.

## II. Maintenance and Child Support Awards

¶ 4 Husband contends that the district court erred by awarding maintenance without applying the required statutory factors. He

further contends that, because the child support award was based in part on the maintenance award, the child support award must also be reversed. We agree, and we therefore reverse and remand the maintenance and child support awards for reconsideration.

### A. Governing Law and Standard of Review

¶ 5 Section 14-10-114(3), C.R.S. 2024, specifies the process a district court must follow when considering a maintenance request. *In re Marriage of Wright*, 2020 COA 11, ¶ 13. The court must first make findings concerning (1) the amount of each party's gross income; (2) the marital property apportioned to each party; (3) the financial resources of each party; (4) the reasonable financial need as established during the marriage; and (5) whether the maintenance awarded would be deductible for federal income tax purposes by the payor and taxable income to the recipient. § 14-10-114(3)(a)(I); *see also Wright*, ¶ 14.

¶ 6 After making these initial findings, the court must determine the amount and term of maintenance, if any, that is fair and equitable to the parties. § 14-10-114(3)(a)(II); *Wright*, ¶ 15. When, as in this case, the parties' combined annual adjusted gross income exceeds $240,000, the advisory guideline amount of maintenance

under section 14-10-114(3)(b)(I) "does not apply." § 14-10-114(3.5). Instead, the court must determine the maintenance amount based on the statutory factors set forth in section 14-10-114(3)(c). *Id.*; *In re Marriage of Herold*, 2021 COA 16, ¶ 26.

¶ 7 "[W]hile a district court has no obligation to make specific factual findings on every factor listed in section 14-10-114(3)(c), it must 'make sufficiently explicit findings of fact to give the appellate court a clear understanding of the basis of its order.'" *Wright*, ¶ 20 (quoting *In re Marriage of Gibbs*, 2019 COA 104, ¶ 9).

¶ 8 We review a court's maintenance and child support awards for an abuse of discretion. *In re Marriage of Medeiros*, 2023 COA 42M, ¶ 58; *In re Marriage of Davis*, 252 P.3d 530, 533 (Colo. App. 2011). A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law. *Medeiros*, ¶ 28. We defer to the court's factual findings if they have record support, but we review de novo whether the court correctly applied the law. *Id.* at ¶ 58.

## B. Discussion

¶ 9 The district court found that the parties earned significantly disparate incomes and that, while husband's lifestyle was

"effectively unchanged" since the parties separated, wife had "spent time living with her parents and other times renting living accommodations where she [was] caretaking as part of her rent." It then stated that it had "run the maintenance worksheet, which is attached."

¶ 10    The worksheet attached to the court's order shows a calculation that begins with the parties' combined monthly income ($24,000), takes forty percent of that number ($9,600), and subtracts wife's income ($4,000) to arrive at a monthly maintenance payment of $5,600. Although neither the worksheet nor the order contains a statutory reference concerning maintenance, this calculation appears to be based on the advisory guideline amount of maintenance set forth in section 14-10-114(3)(b)(I)(A), which provides,

> If the maintenance award is deductible for federal income tax purposes by the payor and taxable income to the recipient, the amount of maintenance under the advisory guidelines is equal to forty percent of the parties' combined monthly adjusted gross income minus the lower income party's monthly adjusted gross income.

¶ 11    From the outset, we conclude that the district court erred by relying on the advisory maintenance guideline to determine the maintenance award. Section 14-10-114(3.5) unambiguously provides that the advisory maintenance guideline "does not apply" to parties jointly earning more than $240,000 annually. Therefore, we conclude the court was prohibited from determining the maintenance award based solely on the guideline amount. In reaching this conclusion, we observe that while section 14-10-114(3.5) provides that the court "may consider the advisory guideline *term* of maintenance" for parties earning in excess of $240,000, no such provision exists permitting the court to rely on the guideline to calculate the maintenance *amount*. (Emphasis added.)

¶ 12    In addition, we conclude that the court failed to make adequate findings in support of the maintenance award. First, the court failed to make mandatory findings as to each party's reasonable financial needs as established during the marriage. *See* § 14-10-114(3)(a)(I)(D). Although the court's observation regarding the parties' changes in lifestyle (or lack thereof) gives us some indication of the basis of its order, the court did not make sufficient

findings with respect to the remaining factors set forth in subsection (3)(c), as required by section 14-10-114(3.5). For example, the district court did not make findings on factors such as the parties' actual or potential income from separate or marital property, their age and health, their economic and noneconomic contributions to the marriage, and the taxability of maintenance. *See* § 14-10-114(3)(c)(I), (II), (IX), (X), (XII).

¶ 13    Further, the court's order did not include a term for the maintenance. Although the worksheet indicates a term of nine years and two months, there are no findings to support that duration. *See* § 14-10-114(3)(e) ("The court shall make specific written or oral findings in support of the amount *and term* of maintenance awarded pursuant to this section . . . .") (emphasis added).

¶ 14    Given that the court erroneously relied on the advisory maintenance guideline, failed to make certain mandatory findings, and did not sufficiently explain the rationale for the amount and duration of the maintenance award, we reverse and remand for additional findings. On remand, the district court must comply with sections 14-10-114(3) and 14-10-114(3.5), making findings

6

where required and addressing the factors relevant to its determination. *See Herold*, ¶¶ 29-32; *In re Marriage of Stradtmann*, 2021 COA 145, ¶¶ 33-35. The court must make sufficiently explicit findings of fact to give us a clear understanding of the basis of its order. *See Wright*, ¶ 20.

¶ 15 "Because maintenance is based on the parties' financial circumstances at the time the order is entered, the district court should consider the parties' current circumstances on remand" and may take additional evidence as it deems appropriate. *Id.* at ¶ 24; *see In re Marriage of Kann*, 2017 COA 94, ¶ 79.

¶ 16 Lastly, because the district court based the child support award in part on the maintenance award, we must also remand for recalculation of child support. *See In re Marriage of Salby*, 126 P.3d 291, 301 (Colo. App. 2005) (noting that "the issues of child support and maintenance are inextricably intertwined").

### III. Parties' Incomes

¶ 17 Husband contends that the district court improperly calculated the parties' incomes for maintenance and child support purposes. Because the court must consider the parties' current circumstances on remand, we do not address this argument. *See*

7

*Wright,* ¶ 24 (declining, after maintenance award was reversed and remanded, to consider argument that the court improperly calculated a party's income).

## IV.   SBA Loan

¶ 18    Husband contends that the district court erred by failing to consider the SBA loan.  Because we cannot determine from this record whether the court considered the loan, we remand for further findings.

### A.    Governing Law and Standard of Review

¶ 19    Marital liabilities include all debts that are acquired and incurred by the spouses during their marriage.  *In re Marriage of Jorgenson,* 143 P.3d 1169, 1172 (Colo. App. 2006).  "[D]ebts incurred during a predecree separation are also marital."  *In re Marriage of Burford,* 26 P.3d 550, 560 (Colo. App. 2001).  "Allocation of marital debts is in the nature of property division . . . ."  *Id.*  "A property division in permanent orders that omits property without any explanation cannot stand."  *Martinez v. Gutierrez-Martinez,* 77 P.3d 827, 829 (Colo. App. 2003).

¶ 20    The district court has great latitude to equitably divide the marital estate, and we will disturb its ruling only if there is an

abuse of discretion.  *Medeiros*, ¶ 28; *see also* § 14-10-113(1), C.R.S. 2024.

## B.    Discussion

¶ 21    The district court found that "[a]t or near the time of the end of this relationship," husband's construction business "obtained a pandemic related SBA loan."[1]  The court noted that, while husband claimed that the loan was "unilaterally done by [wife] and will adversely impact his business for decades," wife countered that "the decision to obtain the loan was mutually made," the loan was "beneficial to the business," and husband had "used a substantial portion of the loan to purchase a new truck for his business."  The court did not make any further findings regarding the loan or refer to it again.

¶ 22    The parties stipulated that the business would be allocated to husband.  The court found that "the net value of the business, other than as a means for generating income[,] is nominal," and it awarded the business to husband at a value of zero dollars.

---

[1] In their appellate briefs, the parties agree that the SBA loan is a thirty-year, $518,955 loan.

¶ 23  Husband contends that the district court abused its discretion by failing to account for the SBA loan either in the property distribution or in the calculation of husband's income for support purposes. Wife contends that, on the contrary, the court's finding that husband's business had a value of zero dollars "shows that the court determined the SBA loan was a liability of the business and should be allocated with the business to [h]usband." We are unable to discern from the court's order whether it made any determination regarding the SBA loan. Accordingly, on remand, the court's new orders must clarify its treatment of the loan and support its decision with specific factual findings. *See Wright*, ¶ 20 (district court must make sufficient findings to permit meaningful appellate review).

## V. Attorney Fees

¶ 24  Husband contends that the district court erred by awarding attorney fees to wife under section 14-10-119, C.R.S. 2024. Because we are reversing and remanding the permanent orders with regard to maintenance, child support, income calculations, and the SBA loan, we must also set aside the portion of the permanent orders awarding attorney fees under section 14-10-119.

10

*See In re Marriage of Morton*, 2016 COA 1, ¶ 33. On remand, after reconsidering maintenance, child support, income calculations, and the SBA loan, the court must reconsider wife's request for an award of attorney fees under section 14-10-119 based on the parties' present financial circumstances. *See id.* at ¶¶ 33-34.

## VI. Appellate Attorney Fees

¶ 25 Wife requests appellate attorney fees under section 14-10-119 based on the parties' unequal financial circumstances. Because the district court is better equipped to determine factual issues regarding the parties' current financial resources, we direct the court to address wife's request on remand. *See In re Marriage of Alvis*, 2019 COA 97, ¶ 30; *see also* C.A.R. 39.1.

## VII. Disposition

¶ 26 We reverse the portions of the judgment involving maintenance and child support, and we remand the case to the district court to (1) reconsider maintenance and make specific findings in support of any maintenance award; (2) reconsider child support in light of any maintenance award; (3) clarify its treatment of the SBA loan and support its decision with specific factual findings; (4) revisit section 14-10-119 attorney fees; and (5) address

wife's appellate attorney fee request under section 14-10-119. The court should consider the parties' financial circumstances as of the time of the remand proceedings. Those portions of the judgment not challenged on appeal remain undisturbed.

JUDGE TOW and JUDGE SULLIVAN concur.